UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

CARRIE JO JAYNES,  Case No. 16-21912
　Chapter 13 Proceeding
　　　　Debtor.  Hon. Daniel S. Opperman
_____/

OPINION REGARDING CHAPTER 13 TRUSTEE THOMAS MCDONALD'S
OBJECTIONS TO CLAIMS NUMBER 6-1 AND 8-1 OF WANIGAS CREDIT UNION

Procedural Background and Facts

The Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on October 28, 2016. Wanigas Credit Union ("Wanigas") filed a Proof of Claim 6-1 in this case on December 14, 2016, in the amount of $12,086.55, secured by a 2007 Ford Edge motor vehicle. The loan agreement for this claim is dated January 7, 2016. Wanigas has asserted throughout this case that this loan is a purchase money security interest ("PMSI"). An Order Confirming Debtor's Chapter 13 Plan was entered on December 23, 2016. Debtor's Plan originally treated the claim of Wanigas as a Class 5.2 Claim as one not to be paid in equal monthly payments, with a total of $12,381.52 to be paid with interest at 5.25% through the Trustee. The Plan also addressed the situation where a claim may be at odds with the Plan:

> **PROOFS OF CLAIM FILED AT VARIANCE WITH THE PLAN**: In the event that a proof of claim is filed and allowed that is a variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:
>
> 1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, valuation of collateral and classification of the claim.
> 2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not valuation or any other contractual term.
> 3. If a proof of claim is filed that is at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless

1

provided otherwise in the confirmed Plan; these Additional Terms, Conditions and Provisions; or by Order of Court.

The Order Confirming Plan contained the following paragraph:

> **IT IS FURTHER ORDERED** that Claim 6-1 filed [by] Wanigas Credit Union shall be treated as Class 5.1 Claim.

Thus, the plan, as confirmed, treated Claim 6-1 of Wanigas as not subject to modification or cramdown, and as one to be paid in equal monthly payments. Currently, both the Chapter 13 Trustee, Thomas McDonald ("Trustee"), and Wanigas agree that this claim is a 910-Claim pursuant to what is commonly known as the "hanging paragraph" of 11 U.S.C. § 1325(a), but do not agree that all categories comprising this claim are part of the PMSI portion.

Wanigas filed Proof of Claim 8-1 on January 18, 2017 in the amount of $325.00 for a repossession fee incurred on October 28, 2016 regarding the Ford Edge. Wanigas claims this amount is also secured by the Ford Edge.

The Trustee filed Objections to Claims 6-1 and 8-1 on September 21, 2018. As to Claim 6-1, the Trustee asserts that the entire claim is not a PMSI because $299.00 of such is for GAP insurance coverage and an additional $2,989.20 was used to pay off pre-existing loans owed to Wanigas. Thus, the Trustee asserts that a total of $3,288.20 should be determined to be unsecured, and the secured portion of this claim should be reduced to $8,798.35. As to Claim 8-1, the Trustee asserts that this fee is not properly documented, is not part of a secured claim, is a post-petition claim, and is under secured.

Wanigas counters that Claim 6-1 should not be reduced under the plan that was confirmed on December 23, 2016. The Trustee himself signed off on the Order Confirming Plan, which Order treated the claim of Wanigas as a Class 5.1 Claim and otherwise did not dispute the total to be paid on this claim by the Trustee of $12,381.52 including interest at the rate of 5.25%. Wanigas also argues that the $3,288.20 consisting of the GAP insurance and loan

rollover is protected from cramdown as both are considered part of the PMSI loan. As to Claim 8-1, Wanigas attached another page of its loan agreement with the Debtor which lists the repossession fee to the Ford Edge and denies that Claim 8-1 is unsecured, post-petition, or under secured.

The Court held a hearing on October 25, 2018, regarding the objections to claims. After hearing arguments by counsel for the Trustee and Wanigas, the Court took the matter under advisement.

## Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1) and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate).

## Law and Analysis

### Objection to Proof of Claim

Federal Rule of Bankruptcy Procedure 3001(f) states:

> (f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

The Claim must still set forth facts necessary to support the claim and be in the proper form. Rule 3001(a). The objecting party to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity. The objection must have probative force equal to the contents of the claim. *In re Unimet Corp.*, 74 B.R. 156 (Bankr. N.D. Ohio 1987). The objecting party's burden is by a preponderance of the evidence. *California State Bd. Of Equalization v. Official Unsecured Creditors' Comm. (In re Fidelity Holding Co., Ltd.)*, 837 F.2d 696 (5th Cir. 1988). If the objecting party produces evidence to refute at least

one of the allegations essential to the legal sufficiency of the claim, the burden of persuasion shifts back to the claimant. *In re Hughes*, 313 B.R. 205 (Bankr. E.D. Mich. 2004).

Res Judicata Effect of Confirmed Plans

An order confirming a Chapter 13 plan is binding even though contrary to the Code if a creditor received adequate notice that satisfies the Due Process Clause. *United Student Aid Funds, Inc., v. Espinosa*, 559 U.S. 260, 272 (2010). "*Espinosa* stands for the more limited proposition that a confirmed plan is binding on all parties-in-interest, provided the plan proponent afforded such parties adequate notice, consistent with the Due Process Clause of the United States Constitution—even if the plan violates the Bankruptcy Code in some particulars." *In re Deavila*, 431 B.R. 178, 179 (Bankr. W.D. Mich. 2010). *Cf. Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458, 463 (6th Cir. 1991) (analyzing the res judicata effect of a confirmed plan in the Chapter 11 context as to "any issues raised or that could have been raised in the confirmation proceedings."); *see also Slone v. M2M International, Inc. (In re G-P Plastics, Inc.)*, 320 B.R. 861, 864-65 (E.D. Mich. 2005) (res judicata effect of confirmed Chapter 11 plan).

Debts Protected from Cramdown—The 910 Loan

Section 1325(a) contains a "hanging paragraph" which is prevents the cramdown of certain debts, namely debts for consumer motor vehicle loans. This paragraph states as follows:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day period preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor . . . .

The Sixth Circuit Court of Appeals in the case of *Nuvell Credit Corp. v. Westfall (In re Westfall)*, 599 F.3d 498, 503-06 (6th Cir. 2010), held that negative equity financing should be

considered part of PMSI under both the "price" and "value given to enable" prongs, as well as the "close nexus" requirement. The *Westfall* Court cited numerous circuit decisions holding such. *Id*. at 503 (citing *In re Howard,* 597 F.3d 852, 857–58 (7th Cir. 2010); *Reiber v. GMAC, LLC (In re Peaslee),* 585 F.3d 53, 57 (2d Cir.2009); *Ford Motor Credit Co. v. Mierkowski (In re Mierkowski),* 580 F.3d 740, 743 (8th Cir.2009); *Ford Motor Credit Co., LLC v. Dale (In re Dale)*, 582 F.3d 568, 575 (5th Cir. 2009); *Ford v. Ford Motor Credit Corp. (In re Ford),* 574 F.3d 1279, 1285 (10th Cir. 2009); *In re Price,* 562 F.3d 618, 628 (4th Cir. 2009); *Graupner v. Nuvell Credit Corp. (In re Graupner),* 537 F.3d 1295, 1301 (11th Cir. 2008)).

GAP insurance is insurance required by a lender to be purchased by the borrower to cover any amount remaining on a loan after payment from an insurer if a car is totaled. GAP insurance has been held to be as closely tied as negative equity financing to the purchase for PMSI determinations. *See Dale*, 582 F.3d at 575; *Price*, 562 F.3d at 629-30.

Analysis

The Court concludes that the res judicata effect of the confirmed Chapter 13 Plan of Debtor is dispositive as to Claim 6-1. The Trustee did not file an objection to the proposed treatment and claim amount of Wanigas Claim 6-1 as part of the confirmation process, but instead signed his approval of such on the Order Confirming Plan. This treatment and claim amount has remained intact until the Trustee filed the instant claim objection. While the Debtor filed a plan modification and this modification was approved by Order dated September 28, 2018, Wanigas was unaffected by this modification. The Trustee's objection to this prima facie valid claim is precluded under the doctrine of res judicata.

But the effect on Claim 8-1 is not so clear. First, this claim was filed after the December 23, 2016 Order Confirming Plan, so a Trustee pre-confirmation objection was not possible.

Second, Claim 8-1 stands alone from Claim 6-1 and does not state it is an amendment or supplement. Paragraph S of the plan is not helpful in this case because while the original plan treated the Wanigas claims as modified under Class 5.2, the Order Confirming Plan dictated Class 5.1 treatment, but also allowed modification. In such an event, Claim 8-1 governs only as to the claim amount, but not valuation or any other contractual term. Accordingly, or so it may seem, the later filed Claim 8-1, being excluded by the December 23, 2016 Order, is left to Class 5.2 treatment. Neither party has raised this issue, so the Court allows the Trustee 21 days to amend his objection and, if an objection is amended, Wanigas is granted 21 days after the filing of the amendment to respond.

## Conclusion

For the foregoing reasons, the Court overrules the Objection to the Proof of Claim 6-1 of Wanigas pursuant to the terms of the confirmed plan under principles of res judicata. As to Proof of Claim 8-1, the Court allows the Trustee 21 days to amend his objection, and if an amendment is filed, Wanigas may have 21 days to respond.

The Court will prepare an order consistent with this Opinion.

**Not for Publication**

**Signed on December 18, 2018**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge